GEORGE L. DOUGHTY, Respondent, v. St. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COM-PANY, Appellant.

. St. Louis Court of Appeals, February 18, 1902.

1. **Railroad:** DAMAGES FOR KILLING STOCK: INSTRUCTION. Where an action was brought against a railroad company to recover damages for the killing of a mare belonging to plaintiff by one of the defendant's trains either striking her or driving her on a trestle and injuring her so she died, the following instruction properly declared the law: "You are further instructed, that if you believe and find from the evidence that defendant, on or about the twentieth of December, 1900, by its train of cars, either scared or run a mare belonging to plaintiff in a trestle or bridge, in its road, and by reason thereof, said mare received wounds or injuries, from which she died: that this occurred in Mississippi. township, an adjoining township to Tywappity; that at the place where

Doughty v. Railroad.

said mare was scared into trestle was where said road passes through timbered and uninclosed lands and that said road was not fenced; that said place was not the crossing of a public highway or any road, and not within limits of any switch, town or village, then, in such case, you should find for the plaintiff and assess his damages at such sum as you may believe from the evidence was the value of his mare, not exceeding the amount sued for."

2. ——: ——: ——. In the case at bar, an instruction properly declared the law which stated to the jury that if they found from the circumstances in evidence that plaintiff's mare died from injuries received either by collision with the cars of defendant, or by being scared into a trestle, they should find for plaintiff in such amount as they believed to be established and proved by the evidence.

Appeal from Mississippi Circuit Court.—*Hon. Henry C. Riley*, Judge.

AFFIRMED.

*Martin L. Clardy* and *James F. Green* for appellant.

(1) There was no evidence that the injury occurred either in the township where suit was instituted, or in an adjoining township, and the judgment should therefore be reversed. Jewett v. Railroad, 38 Mo. App. 48; Backenstoe v. Railroad, 86 Mo. 492; Whitesides v. Railroad, 49 Mo. App. 250; King v. Railroad, 90 Mo. 520; Porter v. Railroad, 66 Mo. App. 624. (2) The second and third instructions for plaintiff are erroneous. Wasson v. Cook, 80 Mo. App. 483; Geltz v. Railroad, 38 Mo. App. 579; Ehret v. Railroad, 20 Mo. App. 251; Frazier v. Railroad, 66 Mo. App. 573. (3) The facts proven disclose no liability of defendant, and its instruction should have been given. Perkins v. Railroad, 103 Mo. 52; Briggs v. Railroad, 111 Mo. 168; Geltz v. Railroad, 38 Mo. App. 579.

*H. 'C. O'Bryan* for respondent.

(1)   Now, with respect to the law: I concede the law to be that to sustain this finding on the second count plaintiff must show that his animal was scared into the trestle by the train of defendant; that it was at a place where the road was not fenced; that it was timbered and uninclosed land, not the crossing of a road, nor within the limits of a switch or town, and that it came upon the road and was scared in the trestle where it was not fenced.   (2)   Now it is true that instruction 3 omits to charge the jury that it must show that the stock came upon the road where it was not fenced, yet this error was not prejudicial to appellant's cause, for the proof shows this state of facts; and there is nothing shown to the contrary. Therefore such error is not reversible.   Chambers v. Benvish, 25 Mo. App. 520.   (3) Instruction 2 is not objectionable, for it merely directs the jury that plaintiff's case may be established by circumstantial testimony without recourse to positive testimony, and even if this idea is inartistically expressed, yet when this instruction is read in connection with instruction one, then it becomes apparent that appellant is not injured thereby. Deering v. Cullen, 38 Mo. App. 80; Brooks v. Railway, 35 Mo. App. 571.

GOODE, J.—This action was begun before a justice of the peace in Tywappity township in Mississippi county, to recover damages for the killing of a mare belonging to plaintiff by one of the defendant's trains either striking her or driving her on a trestle and injuring her so she died.   The statement was in two counts; the first for double damages, based on section 1105 of the Revised Statutes and the other for single damages and attorney's fees based on section 1107.

The verdict was on the second count.

Appellant's contention is there was no proof the mare went on the track where the company was required to fence,

or that she was frightened by a train or that she was injured by being run onto the trestle. We think, on the contrary, there was abundant evidence to establish all these points and that they were conclusively established; that it was also proven the injury occurred in Mississippi township and that the latter township adjoined Tywappity township, in which the action was begun.

The following instructions were given by the court and are claimed to be erroneous:

"The court instructs you that the law does not make it incumbent on the plaintiff to establish his case by eyewitnesses to the facts necessary to be proven for a recovery, but the same may be proven by circumstantial testimony, and that if you shall believe and find from the circumstances in evidence that plaintiff's mare died from injuries received either by collision with the cars, or by being scared into a trestle, then you should find for the plaintiff, in such amount as you may believe to be established and proven by the circumstances.

"You are further instructed, that if you believe and find from the evidence that defendant on or about December 20, 1900, by its train of cars, either scared or run a mare belonging to plaintiff in a trestle or bridge, in its road, and by reason thereof, said mare received wounds or injuries, from which she died; that this occurred in Mississippi township, an adjoining township to Tywappity; that at the place where said mare was scared into the trestle was where said road passes through timbered and uninclosed lands and that said road was not fenced; that said place was not the crossing of a public highway or any road, and not within the limits of any switch, town or village, then, in such case, you should find for the plaintiff in the second count of his petition and assess his damages at such sum as you may believe from the evidence was the value of his mare, not exceeding the amount sued for."

The objection made to the first of the above instructions
Vol 92 app—32

is that it authorized a verdict for the plaintiff if the jury found the mare was scared on the trestle in any manner; whereas the statute requires that the animal shall have been frightened or run into the place of injury by a passing locomotive or train of cars. This objection is hypercritical, because the undisputed evidence could lead to but one conclusion, namely, that the mare was either scared or forced on the trestle by a train. The owner all but saw the accident; he saw the animal standing near the place where it occurred, saw her tracks where she had gone on the right of way and found her injured among the logs and rocks below the trestle. There can be no doubt about what frightened her. Besides, the other instruction expressly charged the jury that they must find she was scared or run on the trestle or bridge by a train of cars belonging to the defendant company.

It is said the second instruction authorized a recovery if the mare was injured at a place on the railroad where the road was not fenced, without regard to the point where she came on the track. This objection is answered in the same manner the first one is: the testimony showed without conflict and convincingly that the mare went on the road a few feet above the trestle and that the right of way was not fenced at that point.

There was no controversy in the evidence in this case and the judgment was manifestly for the right party; hence, it is affirmed. *Bland, P. J.,* and *Barclay, J.,* concur.